**Mabel D. GARDNER, Plaintiff-Appellant,**

v.

**SHEARSON, HAMMILL & COMPANY, Defendant-Appellee.**

**No. 30126**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Oct. 9, 1970.

Rehearing Denied Oct. 27, 1970.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

[*] ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

that, pursuant to an agreement, the parties had submitted "the identical alleged acts and transactions which are the basis for her claims for relief in the instant action" to arbitration under the New York Stock Exchange Rules. Accordingly, the Court granted defendants' motion for summary judgment. We affirm.

We agree with the Third Circuit that "under the Securities Exchange Act of 1934, the voluntary submission to arbitration of an existing controversy is a valid one and, absent fraud or a basic fault in the proceedings, * * * the proceeding is a valid one." Moran v. Paine, Webber, Jackson & Curtis, 3d Cir. 1968, 389 F.2d 242, 246.

Affirmed.

Mabel D. Gardner, pro se.

Richard H. Wilson, W. B. Dickenson, Jr., Hill, Hill & Dickenson, Tampa, Fla., for defendant-appellee.

PER CURIAM:

Claiming that she sustained losses in certain stock transactions due to defendants' misrepresentations, Mrs. Gardner sought recovery under the Securities Exchange Act of 1934. On undisputed facts the District Court found